UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY LEE DAVIS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-363 |
| | § | |
| THE CITY OF ARANSAS PASS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## AMENDED[1] MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION

Plaintiffs Johnny Lee Davis, Joshua Davis, and John Johnson filed this civil action on November 8, 2013, alleging that the City of Aransas Pass, the Aransas Pass Police Department (AP-PD), and two police officials, Chief Eric Blanchard and Captain Kyle Rhodes, wrongfully implicated Plaintiffs in a high profile murder investigation of a young woman such that they are entitled to damages.  For the reasons stated herein, it is respectfully recommended that Johnny Lee Davis's federal claims be dismissed with prejudice for failure to state a claim and/or as frivolous.  It is also respectfully recommended that this dismissal be characterized as a strike against Johnny Lee Davis for purposes of 28 U.S.C. § 1915(g).  It is further recommended that all state law claims be dismissed without prejudice.  Finally, it is recommended that all claims brought by Plaintiffs John Johnson and Joshua Davis be dismissed without prejudice.

---

[1] The Memorandum and Recommendation is amended to address Plaintiffs' Amended Complaint filed March 10, 2014 (D.E. 23).

I.      **Jurisdiction.**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction of state law claims pursuant to 28 U.S.C. § 1367.

II.     **Background facts.**

In June 2012, the body of a 16-year-old Hispanic woman named Jenna Hernandez was found on Stedman Island near Aransas Pass.  Her death was ruled a homicide, and in October 2012, an individual named Lawrence Mireles was charged with the fatal shooting of Hernandez.

On October 14, 2013, the Aransas Pass Police Department posted on its "Police Alert Banner/Police Blotter" website that Plaintiffs Joshua Davis and John Johnson had been charged with felony obstruction/retaliation in the Hernandez murder trial.  (*See* D.E. 1, p. 10).  In particular, Joshua Davis and Johnson were accused of threatening physical harm against witnesses if they cooperated in the prosecution of Mireles.  *Id.*  The release noted that Captain Kyle Rhodes believed both Joshua Davis and John Johnson to be members of a white supremacist gang, and that both suspects were being held on $250,000 bail.  *Id.*

The following day, on October 15, 2013, KZTV Channel 10 posted on its website that Joshua Davis and John Johnson had been arrested, identifying them as "a couple of white supremacists" and quoting Chief Eric Blanchard as stating: "I want our community to know that they can trust and rely on their police department to combat efforts of these criminal street gangs and their attempt to plague our community.  We will not stand to lose another innocent child to gang violence."  (D.E. 1, p. 11).  Also on October 15, 2013,

KRIS-TV Channel 3 posted online a brief story under the headline: "White Supremacists Accused of Witness Intimidation in Murder Case," and reported the arrests of Joshua Davis and John Johnson.  (D.E. 1, p. 12).

On October 16, 2013, KRIS-TV provided additional detail about the charges against Joshua Davis and John Johnson.  (D.E. 1, p. 14).  KRIS-TV reported that, in an arrest affidavit, a witness told a detective that Joshua Davis and Johnson came to his home the day before he was scheduled to testify before the grand jury, and they threatened to hurt him if he gave any incriminating testimony against Lawrence Mireles or some of his friends when talking about the June 2012 murder of Jenna Hernandez. After testifying before the grand jury, the witness moved out of state, but Joshua Davis reportedly continued to contact relatives of the witness.  The affidavit also implied that Joshua Davis himself, and his father, Plaintiff Johnny Lee Davis, were involved in Hernandez' murder.  The AP-PD declined to elaborate on the KRIS-TV report.  None of the three Plaintiffs was ever charged with the murder.

On October 17, 2013, Mireles' defense counsel, Steve Fisher, told reporters that the AP-PD had "strong-armed" witnesses in an attempt to force them to cooperate with the prosecution of Mireles, threatening jail and other legal action.  (D.E. 1, p. 13).

In November 2013, Mireles went to trial; however, the case ended in a mistrial after only four hours of jury deliberations.

In the amended complaint filed March 10, 2014, Plaintiff Johnny Lee Davis alleges that his family has been threatened, guns have been pointed at them, and officials

failed to protect Joshua Davis when he was attacked at the Aransas County Jail while in a visitor's room on January.  (D.E. 23, p. 7-8).

## III.   Plaintiff Johnny Lee Davis's allegations.

Plaintiff Johnny Lee Davis claims that the AP-PD possesses DNA evidence that would refute any charge against him or Joshua Davis concerning Hernandez' murder, and that the Police Department's willful disregard of that evidence and published statements suggesting otherwise amount to slander.  Plaintiff Johnny Lee Davis also objects to the public characterization of him as a white supremacist as well as to the charge that he was involved in obstructing a murder investigation or intimidating witnesses. He seeks declaratory, monetary and injunctive relief, including a full page retraction and apology by the Chief of Police in the same media the negative reports were published.

## IV.   Discussion.

### A.      Standard of review.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *accord Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the plaintiff can prove no set of facts in support of his claim entitling him to relief.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the plaintiff and the truth of all pleaded facts must be assumed.  *Id.*

### B.    Analysis.

There is no federal constitutional right to be free from defamation or slander.  *See Paul v. Davis,* 424 U.S. 693, 711-13 (1976).   In *Paul,* the police circulated a flyer captioned "active shoplifters" to merchants which included the plaintiff's name and a photograph.  *Id.* at 696.  The Supreme Court found that an individual's reputation alone did not implicate any liberty or property interests, and that something more than simple defamation by the state official must be involved to state a § 1983 claim.  *Id.* at 711.  That is, libel and slander are not cognizable under section 1983 because a defamation claim does not involve the deprivation of any rights, privileges or immunities which are secured by the Constitution or laws of the United States.  *Id.* at 711-13.  *See also Mowbray v. Cameron County, Tex.,* 274 F.3d 269, 277 (5th Cir. 2001) (noting that public humiliation, scorn, and ridicule during investigation and prosecution of criminal case does not state cognizable 1983 claim); *Cook v. Houston Post,* 616 F.2d 791, 794 (5th Cir. 1980) (noting that prosecuted persons' interest in reputation, false arrest, malicious prosecution, libel and slander are matters protected by state tort law and do not raise federal constitutional claims).

Plaintiff Johnny Lee Davis has no constitutional right to be free from criminal investigations or to be insulated from the opinions of law enforcement officials, whether expressed privately or publicly.  As such, Plaintiff Johnny Lee Davis fails to raise viable claims under federal law.  Plaintiff Johnny Lee Davis has submitted no authority demonstrating that he can "bootstrap" his state law claims into federal constitutional claims by merely alleging that the defendants and the City acted with malice, or

according to a "policy or custom" or that they were "deliberately indifferent" to his rights.[2]

## V.  Supplemental jurisdiction

To the extent Plaintiff Johnny Lee Davis intended to raise supplemental state law claims of defamation, libel and/or slander, it is respectfully recommended that those claims be dismissed without prejudice so that Plaintiff will be able to raise such claims in the state courts of Texas if desired.  With the dismissal of all federal claims, there is no basis for allowing plaintiff to pursue his state law claims.  *See* 28 U.S.C. § 1367(c)(3) (a federal court may decline to exercise supplemental jurisdiction over state-law claims if the district court has dismissed all claims over which it had original jurisdiction); *Ingram Corp. v. Ray McDermott & Co., Inc.*, 698 F.2d 1295 (5th Cir. 1983).

## VI.  Plaintiffs Joshua Davis and John Johnson

Neither Joshua Davis nor John Johnson signed the original or amended complaints.  (*See* D.E. 1, p. 8; D.E. 23, p. 9).   Johnny Lee Davis, the father of Joshua Davis, is an inmate in the Federal Bureau of Prisons and is currently confined at the Federal Correctional Institution in Bastrop, Texas.  Johnny Lee Davis purports to have signed the complaint on behalf of the other two Plaintiffs; however, because he is not a

---

[2] The only change in the Plaintiffs' amended complaint appears to be the addition to the complaint of failure to protect claims.  (D.E. 23, p. 7-8).  But as discussed *infra*, Plaintiff Johnny Lee Davis cannot represent other family members, including his son, because he is not a lawyer.  Plaintiff Johnny Lee Davis complains only that family members have had guns pointed at them and that his son has been assaulted while in jail.  There is no mention of any incident of failure to protect involving Plaintiff Johnny Lee Davis.  Indeed, the court takes judicial notice that Plaintiff Johnny Lee Davis has been in continuous federal custody since June 29, 2012.  *See United States v. Johnny Lee Davis*, Cause No. 2:12cr587 (S. Dist. Texas), and no allegedly defamatory or libelous statements regarding Plaintiff Johnny Lee Davis or his family were released until October 2013.

licensed attorney, he cannot represent any other Plaintiff in this action. *See Thomas v. Estelle,* 603 F.2d 488, 489 (5th Cir. 1979) (per curiam) (noting there is no constitutional right for non-attorneys to represent other persons in non-habeas corpus matters).

On November 19, 2013, Plaintiffs Joshua Davis and John Johnson were sent notice that, in order to proceed in this case, each must hire counsel or file a complaint containing his original signature, and the $400 filing fee must be paid or a signed application for leave to proceed *in forma pauperis* must be filed by each of them individually. (D.E. 7). They were also warned that failure to comply would result in dismissal of the claims brought by them for want of prosecution (*Id.*). Both failed to comply, and recent mail sent to their addresses of record has been returned. (D.E. 19, 20). It appears that they have no interest in this litigation. It is respectfully recommended that, since no communication has been received from either plaintiff, that their claims be dismissed without prejudice.

**VII.   Recommendation.**

Plaintiff Johnny Lee Davis's allegations fail to state cognizable constitutional violations under 42 U.S.C. § 1983. Accordingly, it is respectfully recommended that all constitutional claims brought by Plaintiff Johnny Lee Davis be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § § 1915(e)(2) and 1915A(b)(1), and that all pending motions, including Plaintiff Johnny Lee Davis' motion to certify class action (D.E. 18) be denied as moot. To the extent that Plaintiff Johnny Lee Davis has alleged state law claims of defamation, libel, or slander, it is respectfully recommended that the Court decline to exercise supplemental jurisdiction and that such

claims be dismissed without prejudice so that the claims may be pursued in state court. In addition, because Plaintiff Johnny Lee Davis was granted leave to proceed *in forma pauperis* in this matter and indeed, is the only signatory to the complaint, it is respectfully recommended that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) against this Plaintiff, and that notice of this dismissal be forwarded to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.

It is further recommended that all claims purported to have been brought by Plaintiffs Joshua Davis and John Johnson be dismissed without prejudice for failure to comply with the court's order of November 19, 2013.

Respectfully submitted this 12th day of March, 2014.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).