UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY LEE DAVIS, *et al*, | § | |
| | § | |
|     Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-363 |
| | § | |
| THE CITY OF ARANSAS PASS, *et al*, | § | |
| | § | |
|     Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiffs' civil rights action pursuant to § 1983. D.E. 1, 23. On March 12, 2014, United States Magistrate Judge B. Janice Ellington submitted an Amended Memorandum and Recommendation recommending: (1) that Plaintiff Johnny Lee Davis's federal claims be dismissed with prejudice for failure to state a claim and/or as frivolous; (2) that the dismissal be characterized as a strike against Plaintiff Johnny Lee Davis for purposes of 28 U.S.C. § 1915(g); (3) that all state law claims be dismissed without prejudice; and (4) that all federal claims purported to have been brought by Plaintiffs Joshua Davis and John Johnson be dismissed without prejudice for failure to comply with the Court's order. D.E. 24. Plaintiff Johnny Lee Davis filed objections on March 20, 2014. D.E. 30. His objections are set out and discussed below.

First, while conceding that there is no federal constitutional right to be free from defamation or slander, Plaintiff Johnny Lee Davis (Plaintiff) argues that the term "white supremacist" is a racial classification and that publicly characterizing a person as such amounts to "discrimination of individuals because of race, color, creed, religion, or

1 / 7

political beliefs [and] violates First Amendment protections." D.E. 30, p. 1-2. Plaintiff claims that Defendants' public characterization of the named plaintiffs as white supremacists has caused significant harm in that it resulted in "employment loss, the closing of family businesses, threats of physical harm, physical assault, property loss, [and] guns being pointed at family members while driving through the community . . . in violation of the First, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution." D.E. 30, p. 2.

The term "white supremacist" is not a racial classification. It is used to identify someone as being associated with a racially motivated group. Nevertheless, racial classifications by themselves do not violate the First or, more appropriately, the Fourteenth Amendment. Instead, the Equal Protection Clause of the Fourteenth Amendment prohibits state and federal governments from *discriminating* on the basis of racial classifications—not from merely using them. *See Shaw v. Reno*, 509 U.S. 630, 642 (1993) (stating that the central purpose of the Equal Protection Clause is "to prevent the States from purposefully discriminating between individuals on the basis of race"). Plaintiff's dissatisfaction with being called a white supremacist does not implicate his constitutional rights, and none of the harms he alleges establish a claim under the First, Fifth, Sixth, or Fourteenth Amendments. In the absence of a constitutional violation, Plaintiff cannot sustain a § 1983 action. Plaintiff's first objection is **OVERRULED.**

Second, Plaintiff disagrees with the Magistrate Judge's conclusion that he has no constitutional right to be insulated from the publicly or privately expressed opinions of law enforcement officials.[1]  D.E. 30, p. 3.  Plaintiff states that "as U.S. Citizens under the U.S. Constitution, if [Plaintiffs are] attacked with malicious criminal libel . . . under color of state law, with deliberate indifference . . . Defendants are subject to liability as 'persons' under § 1983 and are not wholly im[m]une from Title 42 U.S.C. § 1983 suits."  D.E. 30, p. 3.  Plaintiff offers no authority for this statement.  Indeed, Plaintiff's concession that there is no federal constitutional right to be free from defamation or slander[2][3] contradicts this very argument.  Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff objects to the dismissal of Joshua Davis's claims.  Joshua Davis is Plaintiff's son and is a named party in this action; however, he is not a signatory on any of the pleadings and has not responded to the Court's notice regarding his claim.  Plaintiff argues that he should be able to represent Joshua Davis, even though he is not a licensed attorney, because "there was a Power of Attorney signed by Plaintiff Joshua Davis giving his father [Johnny Lee Davis] complete rights to represent his interests in all proceedings regarding this civil action."  D.E. 30, p. 4.

The law on this point is clear.  Only licensed lawyers may represent others in court.  There is a narrow exception:  "a jail-house lawyer may help fellow prisoners file initial papers in habeas corpus actions when the state has failed to provide alternative aid

---

[1] Plaintiff apparently concedes that he has no right to be free from criminal investigations because he states that he is "not arguing criminal investigations."  D.E. 30, p. 3.
[2] *See Paul v. Davis*, 424 U.S. 693, 711-13 (1976).
[3] Similarly, there is also no constitutional right to be free from libel.  *Cook v. Brockway*, 424 F. Supp. 1046, 1053 (N.D. Tex. 1977) ("[I]t is well established that libel or slander by a state official even if malicious does not generate a cause of action under the federal civil rights statutes, for the right to be free of defamation and to secure the redress for its infliction is within the province of state law and is not an incident of federal citizenship.").

to such prisoners in seeking post-conviction relief." *Guajardo v. Luna*, 432 F.2d 1324, 1325 (5th Cir. 1970). However, a prisoner who is not an attorney is not entitled to file a civil lawsuit on behalf of a non-prisoner family member. *Id.* Moreover, "a power of attorney does not authorize a non-attorney to file legal documents on behalf of others." *U.S. v. Musgrove*, 109 F.3d 766, 766 (5th Cir. 1997) (citing *Weber v. Garza*, 570 F.2d 511, 513-14 (5th Cir. 1978)). Because Plaintiff is not a licensed attorney and the power of attorney he claims does not authorize him to file legal documents on behalf of Joshua Davis, the recommendation to dismiss Joshua Davis's claims was proper. Plaintiff's third objection is **OVERRULED**.

Fourth, Plaintiff argues that each individual party should not have to pay his own filing fee because "one class action suit [] will be filed and represented by one Representative party." D.E. 30, p. 5. As discussed above, Plaintiff is not authorized to represent the interests of any party other than himself. Accordingly, should Joshua Davis and John Johnson wish to be joined in this action, they must pay their own filing fee or, in the alternative, submit their own application for leave to proceed *in forma pauperis* in order to pursue any claims they might have. Plaintiff's fourth objection is **OVERRULED**.

Fifth, Plaintiff objects to the Magistrate Judge's recommendation to count this action as a strike pursuant to 28 U.S.C. § 1915(g) because he has stated "legitimate cognizable violations under 42 U.S.C. § 1983." D.E. 30, p. 5. To the contrary, Plaintiff's claims are neither legitimate nor cognizable.

Title 28 U.S.C. § 1915(g) provides that a prisoner shall not bring a civil action or appeal a judgment in a civil action or proceeding if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  Here, Plaintiff's suit is being dismissed for failure to state a claim because none of the actions he complains of rise to the level of a constitutional violation.  Moreover, Plaintiff concedes that the gravamen of his complaint—that Aransas Pass officials defamed and/or slandered him when they made public statements connecting him to the murder of a young girl and being involved in various illegal or unsavory undertakings—does not rise to the level of a constitutional violation, actionable under § 1983. D.E. 30, p. 2 ("The Magistrate states: "there is no Federal Constitutional right to be free from defamation or slander . . . [t]his is true.").  Thus, Plaintiff himself acknowledges that there is no constitutional basis for his claim.  Because Plaintiff's complaint fails to state a claim and is also frivolous, the Magistrate Judge's recommendation to count this action as a strike pursuant to § 1915(g) was proper.  Plaintiff's fifth objection is **OVERRULED**.

Finally, Plaintiff objects to the dismissal of this suit because it would "send the wrong message to an agency that shows no regard for constitutional protections." D.E. 30, p. 5.  As discussed above, the agency or agencies Plaintiff refers to did not abridge any constitutional protections.  Therefore, there is no basis upon which this action can be sustained in federal court.  Even assuming without deciding that Plaintiff could state a valid claim under Texas state law, the exercise of federal jurisdiction by this Court would

be improper in the absence of any cognizable constitutional claim.  For this reason and the reasons discussed above, Plaintiff's sixth objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, all constitutional claims brought by Plaintiff Johnny Lee Davis are **DISMISSED** with prejudice, and all pending motions, including Plaintiff Johnny Lee Davis' motion to certify class action (D.E. 18) are **DENIED** as moot.

The Court declines to exercise supplemental jurisdiction over any state law claims for defamation, libel, or slander, and those claims are **DISMISSED** without prejudice. All claims purported to have been brought by Plaintiffs Joshua Davis and John Johnson are **DISMISSED** without prejudice for failure to comply with the Court's order of November 19, 2013.

Because Plaintiff Johnny Lee Davis was granted leave to proceed *in forma pauperis* in this matter and is the only signatory to the complaint, it is further ordered that this dismissal count as a strike for purposes of 28 U.S.C. § 1915(g) against this Plaintiff, and that notice of this dismissal be forwarded to the District Clerk for the Eastern District

of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.

ORDERED this 20th day of May, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE